**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| _____ )<br>HENRY ALEXIS JOVEL LAINEZ, )<br> )<br>                    Petitioner, )<br> )<br>v. )<br> )<br>ANTONE MONIZ, Superintendent, )<br>Plymouth County Correctional )<br>Facility, et al., )<br> )<br>                    Respondents. )<br>_____ ) | Civil Action<br>No. 26-cv-10163-PBS |

**<u>ORDER</u>**

April 2, 2026

Saris, J.

Petitioner Henry Alexis Jovel Lainez ("Petitioner") has filed a habeas petition under 28 U.S.C. § 2241 to challenge the lawfulness of his immigration detention without a bond hearing. Petitioner, who became a lawful permanent resident ("LPR") in June 2025, was detained on December 2, 2025, at Logan International Airport upon his return to the United States from a trip abroad. The government alleges that Petitioner is inadmissible because of a 2022 conviction for a crime involving moral turpitude ("CIMT"), namely a continuance without a finding for a charge of malicious destruction of property under $1,200. <u>See</u> 8 U.S.C. § 1182(a)(2)(A)(i)(I). Although an LPR normally "shall not be regarded as seeking an admission into the United States for

1

purposes of the immigration laws," id. § 1101(a)(13)(C), the government contends that this default rule does not apply to Petitioner due to his CIMT conviction, see id. § 1101(a)(13)(C)(v), and that Petitioner is therefore subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) as a noncitizen seeking admission.

The parties' dispute centers on whether Petitioner disclosed his 2022 conviction to U.S. Citizenship and Immigration Services ("USCIS") before USCIS granted him LPR status in June 2025. Petitioner asserts that he did and, thus, that the government may not subject him to mandatory detention based on this conviction. Cf. United States v. Gonzalez-Roque, 301 F.3d 39, 42 n.1 (2d Cir. 2002) ("The adjustment of status procedure allows a qualifying deportable alien to change his status to that of an alien who had not committed the offense which otherwise rendered him deportable."); Matter of Rainford, 20 I. & N. Dec. 598, 602 (B.I.A. 1992) (explaining that when a noncitizen is "granted adjustment of status to lawful permanent resident, [he] will no longer be deportable on the basis of [a] prior conviction"). The government initially maintained that Petitioner did not fully disclose his conviction to USCIS. On this basis, the immigration court denied Petitioner's motion to terminate his removal proceedings under Matter of Rainford. In a supplemental filing recently submitted in this Court, however, the government now concedes that Petitioner did fully disclose his conviction record to USCIS in connection

with the I-130, Petition for Alien Relative, that preceded his I-485, Application to Adjust Status.

Accordingly, the Court **ORDERS** the government forthwith to inform the immigration court that Petitioner did disclose his conviction to USCIS before USCIS granted him LPR status and that the denial of Petitioner's motion to terminate his removal proceedings was based on inaccurate information. The Court retains jurisdiction over this habeas petition. The government shall file a status report no later than twenty-one days from the date of this order confirming that it has so informed the immigration court and describing any action the immigration court has taken in response. Petitioner shall not be removed from the United States until further order of this Court.


SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge