**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| _____ ) | |
| HENRY ALEXIS JOVEL LAINEZ,      ) | |
|                                 ) | |
|              Petitioner,        ) | |
|                                 ) | |
| v.                              ) | Civil Action |
|                                 ) | No. 26-cv-10163-PBS |
| ANTONE MONIZ, Superintendent,   ) | |
| Plymouth County Correctional    ) | |
| Facility, et al.,               ) | |
|                                 ) | |
|              Respondents.       ) | |
| _____ ) | |

**<u>ORDER</u>**

April 30, 2026

Saris, J.

Petitioner Henry Alexis Jovel Lainez ("Petitioner") has filed a habeas petition under 28 U.S.C. § 2241 to challenge the lawfulness of his immigration detention without a bond hearing. Petitioner, who became a lawful permanent resident ("LPR") in June 2025, was detained on December 2, 2025, at Logan International Airport upon his return to the United States from a trip abroad. The government alleges that Petitioner is inadmissible because of a 2022 conviction for a crime involving moral turpitude ("CIMT"), namely a continuance without a finding for a charge of malicious destruction of property under $1,200. <u>See</u> 8 U.S.C. § 1182(a)(2)(A)(i)(I). Although an LPR normally "shall not be regarded as seeking an admission into the United States for

1

purposes of the immigration laws," id. § 1101(a)(13)(C), the government contends that this default rule does not apply to Petitioner due to his CIMT conviction, see id. § 1101(a)(13)(C)(v), and that Petitioner is therefore subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) as a noncitizen seeking admission.

The parties' dispute centers on whether Petitioner disclosed his 2022 conviction to U.S. Citizenship and Immigration Services ("USCIS") before USCIS granted him LPR status in June 2025. See United States v. Gonzalez-Roque, 301 F.3d 39, 42 n.1 (2d Cir. 2002) ("The adjustment of status procedure allows a qualifying deportable alien to change his status to that of an alien who had not committed the offense which otherwise rendered him deportable."); Matter of Rainford, 20 I. & N. Dec. 598, 602 (B.I.A. 1992) (explaining that when a noncitizen is "granted adjustment of status to lawful permanent resident, [he] will no longer be deportable on the basis of [a] prior conviction"). Petitioner filed a motion to terminate his removal proceedings, which the immigration court denied upon finding that he did not disclose his conviction in his I-485, Application to Adjust Status, and that USCIS was not aware of the conviction. The government subsequently acknowledged in this Court that Petitioner's conviction was disclosed to USCIS in connection with the I-130, Petition for Alien Relative, that preceded his I-485. The Court therefore ordered the government to inform the immigration court that "Petitioner did

2

disclose his conviction to USCIS before USCIS granted him LPR status." Dkt. 20 at 3.

Around the same time, the immigration court ordered Petitioner to be removed to El Salvador. Petitioner moved to reopen and terminate his removal proceedings. In response, the government notified the immigration court of this Court's order but opposed Petitioner's motions. The immigration court promptly denied the motions. Petitioner then sought reconsideration, which the immigration court again denied. The immigration court explained that the disclosure of Petitioner's conviction in the I-130 "is immaterial to [his] charge of removability" because he did not disclose the conviction in his I-485. Dkt. 22-5 at 2. Petitioner reserved his right to appeal from the immigration court's orders.

The Court declines to interfere with the agency's resolution of the dispute underlying this habeas petition. The immigration court has found that Petitioner did not adequately disclose his conviction on the correct form. While the immigration court's decision seems predicated on overly technical grounds, Petitioner may appeal this finding to the Board of Immigration Appeals. The record does not reflect that the immigration court's resolution of this issue, while questionable, amounted to a due process violation. Under these circumstances, Petitioner must press his challenge through the administrative process. See Anversa v. Partners Healthcare Sys., Inc., 835 F.3d 167, 175 (1st Cir. 2016)

(explaining that parties "[g]enerally . . . are required to exhaust available federal administrative remedies before bringing suit in federal court" in order to "protect[] administrative agency authority and promot[e] judicial efficiency" (quoting McCarthy v. Madigan, 503 U.S. 140, 145 (1992))).

Accordingly, Petitioner's habeas petition (Dkt. 1) is **DISMISSED**.


SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge

4